UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NATIONWIDE FIRE INSURANCE CO.,
a/s/o DAVID CHOTAN,

                         Plaintiff,                    **ORDER**
                                                                 CV 05-2767 (LDW) (ARL)

       -against-

GREAT NECK PLUMBING & HEATING, INC.,
and SAFEGUARD GAS HEAT INC.,

                         Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       Before the court is defendant Great Neck Plumbing and Heating, Inc.'s letter dated August 28, 2006 requesting that the court schedule a conference in the above-captioned case to address two discovery issues. First, the defendant asks the court to "issue a so-ordered subpoena" to be served by the defendant on a non-party, Robert Bender. Second, the defendant moves to compel the plaintiff to respond to its interrogatories. The application is unopposed. The undersigned finds that a conference is not required and, for the reasons that follow, the application is denied with leave to renew.

       With regard to the first issue, Federal Rule of Civil Procedure 45 authorizes an attorney as an officer of the court to issue and sign a subpoena on behalf of the court. Fed. R. Civ. P. 45(a)(3). Accordingly, the defendant states Mr. Bender was served with a deposition subpoena issued by counsel and he failed to appear. However, defendant has not provided the court with a copy of the subpoena or the affidavit of service, making it impossible to ascertain whether the subpoena was proper. Moreover, in the absence of any information as to the location of Mr. Bender, the court cannot assess whether it has jurisdiction to issue the requested subpoena

pursuant to Rule 45.  Thus, the application is denied with leave to renew.  In its renewed application, defendant shall include a copy of the subpoena, the affidavit of service and, presuming the court has jurisdiction, a proposed subpoena to be so ordered.

Turning next to the application to compel responses to interrogatories, the defendant explains that while its interrogatories were served in April 2006, plaintiff did not respond until August 28, 2006, the date of the defendant's application to the court.  According to the defendant, the plaintiff's response "provides no substantive information, but merely objects to each Interrogatory on various grounds."  The undersigned's individual practices require that, before seeking judicial intervention, parties "must attempt to resolve disputes by conferring in good faith with their adversary.  The court interprets good faith to be in-person contact either by telephone or in person."  See Individual Practices of Magistrate Judge Arlene R. Lindsay, 2(A)(1).  Rather than attempt to resolve this dispute in good faith, given the timing of the instant application, it appears that defense counsel immediately moved to compel.  Moreover, the defendant has not provided the court with the interrogatories or the responses, making it impossible for the court to assess the merit of its application.  Thus, the application is denied and the parties are directed to meet in good faith in an effort to resolve this issue forthwith.

Dated: Central Islip, New York　　　　　　　　　　**SO ORDERED:**
　　　　September 6, 2006

　　　　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　　ARLENE ROSARIO LINDSAY
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge